IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHAN ARMAND HARRIS, et al.,

        Plaintiffs,

v.

STATE OF OREGON, et al.,

        Defendants.

Case No. 3:20-cv:-00126-MO

ORDER TO DISMISS

MOSMAN, District Judge.

Plaintiff Harris, an inmate at the Multnomah County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. He purports to bring this lawsuit on his own behalf as well as several other prisoners. In a separate Order, the Court has granted Plaintiff Harris leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff Harris alleges that he and various inmates at the Multnomah County Jail are unlawfully incarcerated, provided with an inadequate law library, and are the victims of various civil rights violations. The Plaintiffs in this case seek approximately $150,000,000 in damages.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in

2 - ORDER TO DISMISS

support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## **DISCUSSION**

Plaintiffs attempt to jointly bring this 42 U.S.C. § 1983 action against various Defendants. In this Court's experience, an action brought by multiple incarcerated plaintiffs proceeding *pro se* presents procedural problems that cause delay and confusion. Delay and confusion often arise from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals. Moreover, *pro se* plaintiffs who attempt to jointly file a single lawsuit run the risk of infringing upon the well-established principle that although a non-attorney may appear on his own behalf, that privilege is personal to him. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987);

*Storseth v. Spellman*, 654 F.2d 1349, 1355 (9th Cir. 1981). Accordingly, only Plaintiff Harris (the only party to file an *in forma pauperis* application) may continue with this case.

Should Plaintiff Harris wish to continue with this case, he must file an amended complaint within 30 days that makes allegations only on his own behalf. Plaintiff Harris is advised that the Complaint must contain a short, plain statement of his claims pursuant to FRCP 8 and must describe how each named Defendant, acting under color of state law, personally participated in the deprivation of a federal right. *See Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff Harris is further advised that his amended complaint must be on the form provided by the Court, name all parties in its caption, and cannot incorporate any part of his prior pleading by reference.

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#1) is dismissed. Should Plaintiff wish to proceed with this action, he must file an amended complaint curing the deficiencies noted above within 30 days of the date of this Order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

4 - ORDER TO DISMISS

The Clerk is directed to forward Plaintiff a civil rights complaint form for his use.

IT IS SO ORDERED.

DATED this 18 day of March, 2020.

　　　　　　　　　　　　　　　／s／ Michael W. Mosman
　　　　　　　　　　　　　　　Michael W. Mosman
　　　　　　　　　　　　　　　United States District Judge